IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 05-cv-01795-REB-BNB

JON KLEMMETSEN,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a foreign corporation,

    Defendant.

## ORDER

**Blackburn, J.**

The matter before me is **Plaintiff's Motion to Reconsider Minute Order Dated March 13, 2006 and Request That the Court Accept Plaintiff's Response to Defendant's Motion for Summary Judgment Out of Time Based on Rule 6(b)(2) and Allow Plaintiff to Exceed Twenty Page Limitation Set Forth in REB Civil Practice Standard V.H.3.a** [#30], filed March 14, 2006.  I grant the request to accept plaintiff's response out-of-time, but deny the request to exceed the page limitations.

Defendant filed its motion for summary judgment on February 15, 2006.  The local rules of this district provide that "[t]he responding party shall have 20 days *after the filing date* of the motion . . . in which to file a response."  **D.C.Colo.LCivR.** 7.1C (emphasis added).  Plaintiff claims he believed that the "mailbox rule" applied to this deadline, thereby affording him three extra days in which to file his response.  He is clearly mistaken.  The mailbox rule, as codified by the Federal Rules of Civil Procedure, provides in relevant part that "[w]henever a party must or may act within a prescribed

period *after service* . . . 3 days are added after the prescribed period would otherwise expire[.]" **FED.R.CIV.P.** 6(e) (emphasis added).  Because the local rule is keyed to the date of the *filing* of the motion, rather than service, Rule 6(e) is inapplicable.  **See In re Armstrong**, 99 Fed. Appx. 866, 868-69 (10th Cir. 2004) (citing **Matter of Arbuckle**, 988 F.2d 29, 31-32 (5th Cir. 1993)).

Ignorance of the law generally does not constitute sufficient grounds to support a finding of excusable neglect under Fed.R.Civ.P. 6(b)(2).  **See Putnam v. Morris**, 833 F.2d 903, 905 (10th Cir. 1987); **Reynolds v. Federal Crop Insurance Corp.**, 752 F.Supp. 986, 989 (D. Colo. 1990).  Nevertheless, given the minimal delay in filing the response and the lack of prejudice to defendant, which has not opposed the request to accept the late filing, I will grant plaintiff's motion insofar as it seeks leave to file a response out of time.

However, I deny plaintiff's request to exceed the page limitations of my Civil Practice Standards.  Counsel for plaintiff points out that he was able to bring his response within the page limitations simply by changing the font of the text from Arial to Times New Roman.  Apparently, counsel has failed to read the entirety of my Civil Practice Standards, which plainly require all documents to be filed in Arial 12-point, excluding footnotes and endnotes.  **REB Civ. Practice Standard** II.E.1.  Plaintiff therefore has failed to establish good cause to exceed the page limitations, and accordingly his motion is denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion to Reconsider Minute Order Dated March 13, 2006**

**and Request That the Court Accept Plaintiff's Response to Defendant's Motion for Summary Judgment Out of Time Based on Rule 6(b)(2) and Allow Plaintiff to Exceed Twenty Page Limitation Set Forth in REB Civil Practice Standard V.H.3.a** [#30], filed March 14, 2006, is **GRANTED IN PART** and **DENIED IN PART**;

    2.  That the motion is **GRANTED** with respect to plaintiff's request to file a response brief out-of-time;

    3.  That plaintiff **SHALL FILE** his response to defendant's motion for summary judgment by no later than close of business on **Wednesday, March 22, 2006**; and

    4.  That the motion is **DENIED** with respect to plaintiff's request to exceed the page limitations established by REB Civ. Practice Standard V.H.3.a.

    Dated March 15, 2006, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**