**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-01795-REB-BNB

JON KLEMMETSEN,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a foreign corporation,

    Defendant.

---

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**

---

**Blackburn, J.**

The matters before me are (1) **Defendant's Motion for Summary Judgment** [#24], filed February 15, 2006; and (2) **Plaintiff's Motion for Summary Judgment and Supporting Brief** [#23], filed February 15, 2006.  I grant defendant's motion in part and deny plaintiff's motion.

## I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **F**ED.**R.C**IV.**P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586,

106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995).  By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense.  **See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation**, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002).  In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  **Concrete Works**, 36 F.3d at 1518.[1]  All the evidence must be viewed in the light most favorable to the party opposing the motion.  **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 120 S.Ct. 334 (1999); **Nutting v.**

---

[1] However, the fact that the parties have filed cross-motions for summary judgment does not necessarily indicate that summary judgment is proper.  **See Atlantic Richfield Co. v. Farm Credit Bank of Wichita**, 226 F.3d 1138, 1148 (10th Cir. 2000); **James Barlow Family Ltd. Partnership v. David M. Munson, Inc.**, 132 F.3d 1316, 1319 (10th Cir. 1997); **see also Buell Cabinet Co. v. Sudduth**, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

***RAM Southwest, Inc.***, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III.  ANALYSIS

On the evening of April 14, 2001, plaintiff Jon Klemmetsen borrowed his fiancé's car and drove to the Berkley Park Inn in Denver, Colorado, with a friend, Jim McCord. As the two were leaving the establishment later that evening, plaintiff was violently assaulted by William Vigil as plaintiff was attempting to get into the car.  Plaintiff has no memory of specifically what happened to him at the moment of the attack, and McCord, who was already seated inside the car on the passenger side, was aware only of some sort of scuffle going on outside the car.  Moments later, Vigil got into the driver's seat with the keys and ordered McCord out of the car.  After McCord complied, Vigil drove off.  McCord found plaintiff lying unconscious in the street, near where the car had been parked.

Plaintiff suffered numerous injuries as a result of the attack.  He filed a claim for uninsured motorist ("UM") benefits with defendant American Family Mutual Insurance Company, which issued the insurance policy on the car.  Defendant denied plaintiff's claim for UM benefits on April 1, 2004.[2]  On April 15, 2004, plaintiff filed suit against defendant in Denver County state district court, alleging claims for breach of contract, bad faith, and declaratory judgment.  That case was dismissed without prejudice on September 23, 2004, for failure to timely effectuate service of process.  Plaintiff filed a second lawsuit on August 17, 2005, alleging the same claims and causes of action asserted in the first suit.  Defendant timely removed to this court and now seeks to

---

[2] Plaintiff also filed a claim for personal injury protection benefits under the policy, which defendant paid.

dismiss plaintiff's claims.

Defendant argues first that plaintiff's breach of contract and bad faith claims are barred by limitations. I disagree. Initially, I note that defendant improperly relies on section 13-80-107.5(1)(a), C.R.S., which pertains to actions for uninsured and underinsured motorist benefits. Although plaintiff's alleged damages may be measured by the value of such benefits under the policy, his is an action for bad faith breach of the insurance contract. Such claims are governed by the general two-year statute of limitations applicable to tort actions. *See* §13-80-102, C.R.S.; ***Harmon v. Fred S. James & Co. of Colorado, Inc.***, 899 P.2d 258, 260 (Colo. 1994); ***Daugherty v. Allstate Insurance Co.***, 55 P.3d 224, 228 (Colo. App. 2002). Such a cause of action accrues when "both the injury and its cause are known or should have been known through the exercise of reasonable diligence." §13-80-108(1), C.R.S. Because a bad faith breach of the insurance contract does not occur until the insurer denies or delays payment of benefits rightfully due, *see Harmon*, 899 P.2d at 260, plaintiff's cause of action did not accrue until defendant denied his claim on April 1, 2004. This lawsuit, filed on August 17, 2005, was well within the statute of limitations.[3]

---

[3] Nor am I persuaded by defendant's argument that plaintiff is estopped to deny that the statute of limitations has run by virtue of his representation to that effect before the state district court in connection with his first lawsuit against defendant. First, although adverse admissions in prior pleadings may be some evidence of the matters asserted therein, they are not binding in subsequent proceedings. *See Matter of Raiford*, 695 F.2d 521, 523 (11th Cir. 1983) (citing *State Farm Mutual Automobile Insurance Co. v. Worthington*, 405 F.2d 683, 687 (8th Cir. 1968)); *Mason v. Texaco, Inc.*, 129 F.R.D. 542, 543 (D. Kan. 1989). Moreover, a party may be bound only by admissions as to matters of fact, not legal conclusions such as defendant proffers here. *See Guidry v. Sheet Metal Workers International Ass'n, Local No. 9*, 10 F.3d 700, 716 (10th Cir. 1993), *modified on other grounds*, 39 F.3d 1078 (10th Cir. 1994) (en banc), *cert. denied*, 115 S.Ct. 1691 (1995); *see also New Image Laboratories, Inc. v. The Stephan Company*, 34 Fed.Appx. 338, 342 (9th Cir. 2002); *McCaskill v. SCI Management Corp.*, 298 F.3d 677, 681 (7th Cir. 2001); *MacDonald v. General Motors Corp.*, 110 F.3d 337, 341 (6th Cir. 1997).

This leaves only the question whether plaintiff is entitled to UM benefits under the policy.  Under Colorado law, which applies in this diversity case, ***Wood v. Eli Lilly & Co.***, 38 F.3d 510, 512 (10th Cir. 1994), an insurance policy is a contract and is interpreted accordingly, ***Union Insurance Co. v. Houtz***, 883 P.2d 1057, 1061 (Colo. 1994); ***Chacon v. American Family Mutual Insurance Co.***, 788 P.2d 748, 750 (Colo. 1990).  The primary goal is to effectuate the intent of the parties.  ***Houtz***, 883 P.2d at 1061; ***Simon v. Shelter General Insurance Co.***, 842 P.2d 236, 239 (Colo. 1992).  To accomplish this objective, the terms of the policy are given their plain and ordinary meanings unless the policy itself indicates that the parties intended otherwise.  ***Bohrer v. Church Mutual Insurance Co.***, 965 P.2d 1258, 1261-62 (Colo. 1998); ***Chacon***, 788 P.2d at 750.

> The UM provision of the policy here provides:
>
>> We will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover rom the owner or operator of an **uninsured motor vehicle** or an **underinsured motor vehicle**.
>>
>> The **bodily injury** must be sustained by an **insured person** and must be caused by an accident and arise out of the **use** of the **uninsured motor vehicle** or the **underinsured motor vehicle**.

(Def. Motion App., Exh. 11 at 3, Pt. III (emphases in original).)   Although defendant posits several theories as to why plaintiff cannot recover benefits under this provision, I find one dispositive.  Assuming *arguendo* that plaintiff was an insured person under the policy, the policy further plainly requires that his injuries have arisen "out of the use of the uninsured motor vehicle."  As interpreted by the Colorado Supreme Court, this

policy language requires that the use must be one both contemplated by the parties to the insurance contract and also "inherent in the nature of the automobile as such." ***State Farm Mutual Automobile Insurance Co. v. Kastner***, 77 P.3d 1256, 1262 (Colo. 2003) (quoting ***Mason v. Celina Mutual Insurance Co.***, 423 P.2d 24, 25 (Colo. 1967)). More specifically, with respect to a non-commercial passenger car, the state's high court has held that "absent some plain and obvious special purpose, the normal use of the ordinary passenger car is limited to transportation." ***Id***. at 1263. Stated differently, the only foreseeable, and thus covered, use of a passenger vehicle is as a mode of transportation. ***Id***. The fact that an automobile is the site of the injury is insufficient to bring it within the coverage of the policy. ***See id***. at 1266.

Here, the insured automobile was not being used as a mode of transportation at the time plaintiff was injured. It was not until after the assault, when plaintiff was lying unconscious in the street, that Vigil assumed control of the vehicle and drove off.[4] Although the car was the site of the accident, and assuming control of the car was Vigil's purpose in attacking plaintiff, these facts either singly or in combination do not show that plaintiff was injured by the use of an uninsured motor vehicle.[5] This finding is not only supported by Colorado caselaw, ***see id***. at 1262-63 (collecting and analyzing cases), but also by authority from other jurisdictions, ***see, e.g.***, ***Nationwide Mutual***

---

[4] Plaintiff argues, without citation to evidence, that the car ran over his arm as the assailant fled the scene of the attack. Such unsupported assertions, however, are not properly considered as evidence in support of or opposition to a motion for summary judgment.

[5] Plaintiff argument that it is inherent in the nature of the crime of carjacking that such can only occur when an automobile is being used misses the mark. The pertinent query is whether plaintiff was injured by the use of an uninsured motor vehicle. As a permissive user, plaintiff's use of the car would have been insured. Thus, the relevant focus must be on Vigil's use of the car, not plaintiff's.

*Insurance Co. v. Steele*, 747 A.2d 1013, 1014 (R.I. 2000); *State Farm Mutual Insurance Co. v. Rosenberg*, 746 N.E.2d 35, 37-40 (Ill. App. 2001); *Webster v. Government Employees Insurance Co.*, 744 A.2d 578, 581-82 (Md. App. 1999); *Rich v. Colonial Insurance Co. of California*, 709 So.2d 487, 489 (Ala. App. 1997). I therefore find that there is no genuine issue of material fact to suggest that plaintiff's injuries resulted from the use of an uninsured motor vehicle, and thus plaintiff was not entitled to UM benefits under the policy.

Moreover, and concomitantly, plaintiff cannot prove that the use of the car was causally related to his injuries. Under Colorado law, plaintiff must establish first, that "but for" the use of the vehicle, he would not have been injured, and second, that "the 'use' of the vehicle and the injury are directly related or inextricably linked so that no independent significant act or non-use of the vehicle interrupted the 'but for' causal chain between the covered use of the vehicle and the injury." *Kastner*, 77 P.3d at 1264. Particularly in a case involving an intentional criminal act,

> the claimant may recover provided that the injury flows directly from the "use" of the vehicle, without interruption, so that the "use" of the vehicle and the resulting injury constitute "one ongoing assault." We have previously observed that using a car merely to help carry out a criminal act is not the kind of "risk that the automobile insurance contract was meant to cover." Instead, where the act causing the injury is intentional, the "use" of the vehicle must bear a direct relation to the assault.

*Id.* at 1265 (internal citation omitted). Here, there is no such direct relation between the assault on plaintiff and Vigil's uninsured use of the car. The use of the vehicle did not make the assault possible, as in other cases in which coverage has been found. *See,*

*e.g.*, ***Cung La v. State Farm Mutual Automobile Insurance Co.***, 830 P.2d 1007, 1011-12 (Colo. 1992) (genuine issue regarding coverage found when assailants used their cars to box in plaintiff's car on the highway before shooting him); ***Cole v. United Services Automobile Association (USAA)***, 68 P.3d 513, 515 (Colo. App. 2002) (coverage found when uninsured vehicle blocked plaintiff's vehicle, enabling assailant to assault plaintiff). Unlike those cases, the vehicle here did not serve as an "active accessory" to the assault. ***Kastner***, 77 P.3d at 1265. I therefore find no genuine issue of material fact as to causation in this case. Accordingly, plaintiff is not entitled to UM benefits under the terms of the policy

## IV.  CONCLUSION

For these reasons, I find and conclude that plaintiff is not entitled to UM benefits under the terms of the contract of insurance. There being no genuine issue of material fact with respect to plaintiff's claim for declaratory judgment, defendant's motion for summary judgment as to that claim should be granted. Moreover, because plaintiff was not entitled to UM benefits under the policy, his claims for breach of contract and bad faith also must fail.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion for Summary Judgment** [#24], filed February 15, 2006, is **GRANTED IN PART**;

2. That the motion is **GRANTED** with respect to plaintiff's claim for declaratory judgment;

3. That plaintiff's claims for bad faith, breach of contract, and declaratory

judgment are **DISMISSED WITH PREJUDICE**;

      4.  That **Plaintiff's Motion for Summary Judgment and Supporting Brief** [#23], filed February 15, 2006, is **DENIED**;

      5.  That judgment **SHALL ENTER** on behalf of defendant, American Family Mutual Insurance Company, and against plaintiff, Jon Klemmetsen, as to all claims and causes of action in this lawsuit; and

      6.  That defendant is **AWARDED** its costs to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.Colo.LCivR. 54.1.

      Dated May 19, 2006, at Denver, Colorado.

                                          **BY THE COURT:**

                                          **s/ Robert E. Blackburn**
                                          **Robert E. Blackburn**
                                          **United States District Judge**